# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Richmond Division

UNITED STATES OF AMERICA

v.  Criminal No. 3:07CR298
Civil Action No.3:13CV109

KELVIN DEWITT GOODE

**MEMORANDUM OPINION**

By Memorandum Opinion and Order entered on January 27, 2011, the Court denied a motion under 28 U.S.C. § 2255 filed by Kelvin Goode. United States v. Goode, No. 3:07cr298, 2011 WL 304459,*5 (Jan. 27, 2011) (ECF Nos. 51-52). On February 20, 2013, the Court received another motion to vacate, set aside, or correct Goode's sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion" (ECF No. 101)).

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "'gatekeeping' mechanism." Felker v. Turpin, 518 U.S. 651, 657 (1996). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C.

§ 2244(b)(3)(A). The Court has not received authorization from the United States Court of Appeals to hear Goode's successive § 2255 Motion. Accordingly, the § 2255 Motion (ECF No. 101) will be dismissed for want of jurisdiction.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). Goode fails to satisfy this standard. Accordingly, a certificate of appealability will be denied.

An appropriate Order will accompany this Memorandum Opinion.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: May 13, 2013
Richmond, Virginia

2